UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

ROBERT B. KENT,

      Defendant.
_____/

CASE NO. 05-CR-80811
HON. LAWRENCE P. ZATKOFF

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on March 1, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion in Limine to Suppress and Dismiss under Rule 12, including requests to exclude certain witnesses and for production of grand jury transcripts (Docket #18). The Court also has before it Defendant's Motions for Discovery (Docket ##4, 6 and 11). The Government has filed responses to the foregoing motions. The facts and legal arguments are adequately set forth in the briefs submitted. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(e), this Court ORDERS that the above motions be decided upon the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Defendant's Motion to Suppress and Dismiss is DENIED WITH PREJUDICE, Defendant's request to exclude certain witnesses and for production of grand jury transcripts is DENIED WITHOUT PREJUDICE, and Defendant's Motions for Discovery are DENIED WITHOUT PREJUDICE.

## II. BACKGROUND

On April 14, 2004, a search warrant was executed at the Defendant's residence for evidence of child pornography. Defendant's computer was seized during the search and a forensic examination of the computer uncovered approximately 12,000 images, at least 600 of which allegedly depict children either posing in sexually explicit positions or engaging in sexual acts. Later that day, Defendant made a confession/statement at the Royal Oak Police headquarters. A videotape of Defendant's confession statement has been provided to the Court by the Government.

On September 8, 2005, Defendant was charged in a one-count Indictment with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B). He was arraigned on the Indictment on September 23, 2005. On October 14, 2005, he was reindicted and rearraigned to have Defendant sign an amended acknowledgment of Indictment which notified him of the applicable statutory mandatory minimum penalty.

The Government asserts that it mailed to defense counsel a package of discovery materials, including a videotape of the confession/statement Defendant made at the Royal Oak Police headquarters on September 24, 2005. A final plea cut-off hearing was held on December 5, 2005. At the December 5, 2005, hearing, the parties signed a stipulation to adjourn the trial to February 28, 2006. On January 31, 2006, the trial date was adjourned again at the parties' request, with a new trial date scheduled for March 6, 2006.

## III. OPINION

**A.      Suppression of Evidence**

Defendant asks the Court to suppress any inculpatory statements he made at the Royal Oak Police headquarters on April 14, 2004, as well as trace images on his computer that were seized by authorities.

*1.      Defendant's Untimeliness*

The Court finds that Defendant's motion to suppress and dismiss was not timely filed. The

motion cut-off in this case, considered in a light most favorable to Defendant, was November 3, 2005 (20 days after the second arraignment/indictment). The Government asserts that it mailed to defense counsel a package of discovery materials on September 24, 2005, including a videotape of the confession/statement Defendant made at the Royal Oak Police headquarters. Defendant makes some vague assertions that certain trial evidence was not made accessible to him until January 11, 2006, when Department of Homeland Security Special Agent Michael McBride was made available to the Defendant. Defendant then filed the instant motion on February 16, 2006.

The Court finds that none of the reasons proffered by Defendant for the delay in filing this Motion are reasonable or justified. Again, viewing matters in a light most favorable to Defendant, everything Defendant seeks to suppress was made available to him no later than January 11, 2006. Nonetheless, Defendant did not file this motion until approximately 35 days later, which was less than three weeks before the rescheduled trial date and over three months after the actual, unmodified motion cut-off date.

Accordingly, in addition to the substantive reasons set forth below, the Court DENIES WITH PREJUDICE Defendant's motion to suppress inculpatory statements and trace images for failure to file such motion in a timely manner.

   *2. Inculpatory Statements*

The Court has viewed the videotape of the statements/confession made by Defendant at the Royal Oak Police headquarters on April 14, 2004. The Court finds that Defendant's assertions that the statements were involuntarily made, coerced or otherwise obtained in violation of Defendant's constitutional rights are baseless. The officers specifically and repeatedly told Defendant that he was not under arrest. There was no coercion whatsoever. To the contrary, the dialogue was professional, rather friendly and non-threatening. Although the statements that Defendant relies on in his brief (i.e,, "Give me straight, honest answers. That will be the quickest way for you to get out of here" and "When this interview is over, you can walk out of here" and "if you sign a waiver of rights form, then we can begin questioning you" and finally, "as promised, you are out of here" at

the conclusion of the session) were made, the video of the interview clearly demonstrates that Defendant's confession/statements were made knowingly, voluntarily and intelligently, that he waived his 5th Amendment right to remain silent and that he was afforded a genuine opportunity to exercise that right throughout the interview. Defendant has not argued that the videotape does not accurately reflect the actions of the police officers or Defendant's interview itself.

Accordingly, the Court DENIES WITH PREJUDICE Defendant's motion to suppress any inculpatory statements made by Defendant.

### 3. *Illegally Seized Evidence*

For the reasons set forth in the Government's response brief, the Court finds that the trace images in Defendant's possession were not unconstitutionally or illegally seized. More specifically, the Court concludes that Defendant lacks standing to challenge the administrative subpoena he challenges and Congress expressly authorized the use of administrative subpoenas in situations such as the case here (18 U.S.C. §§ 2703(c)(1) and (2)).

Accordingly, the Court DENIES WITH PREJUDICE Defendant's motion to suppress trace images in Defendant's possession.

### B. Forensic Scientist Testimony

The Court gleans from the parties' filings that Special Agents McBride and Kruithoff may be called to testify and that Defendant opposes their testimony in both an expert and lay witness capacity. The Government asserts that the Special Agents will not testify as experts, but will testify about what they found in executing a search warrant. Accordingly, the Court finds it unnecessary to conduct any *Daubert* hearing or further analysis at this time. In the event that Special Agent McBride and/or Special Agent Kruithoff are called to testify at trial, the Court will make any necessary rulings at that time. Accordingly, the Court DENIES WITHOUT PREJUDICE Defendant's motion to preclude the testimony of Special Agents McBride and/or Kruithoff.

### C. Grand Jury Transcripts

Defendant requests that the Government produce the grand jury transcripts in this case. The

Government correctly states that 18 U.S.C. §§ 3500(a) and (b) do not require that any transcript for a grand jury witness be provided until such witness has testified at trial. The Government also asserts that there is only one such witness in this case and that witnesses' grand jury transcripts will be provided approximately one week in advance of trial. Accordingly, the Court DENIES WITHOUT PREJUDICE Defendant's request.

**D.     Motions for Discovery**

Defendant has made multiple motions regarding discovery, all of which have been addressed by the Government. The Government asserts that it had provided Defendant with any discovery that was due to Defendant and that it would provide Defendant with any additional discovery when and as it became available and was required to be provided to Defendant. Accordingly, the Court DENIES WITHOUT PREJUDICE Defendant's Motions for Discovery; provided, that Defendant shall have the right to raise such issues to the extent discovery is not provided when and as due Defendant.

## IV.  CONCLUSION

Accordingly, and for the reasons set forth above, Defendant's Motion to Suppress and Dismiss (Docket #18) inculpatory statements and trace images is DENIED WITH PREJUDICE. In addition, Defendant's request to preclude the testimony of Special Agents McBride and/or Kruithoff (Docket #18), Defendant's request for production of grand jury transcripts (Docket #18) are DENIED WITHOUT PREJUDICE, and Defendant's Motions for Discovery (Docket ## 4, 6 and 11) are DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
UNITED STATES DISTRICT JUDGE

Dated:  March 1, 2006

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 1, 2006.

                                s/Marie E. Verlinde
                                Case Manager
                                (810) 984-3290